## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **09-03768-hb**
Adversary Proceeding Number:  **09-80118-hb**

## SUMMARY JUDGMENT

The relief set forth on the following pages, for a total of 14 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/26/2010**



US Bankruptcy Judge
District of South Carolina

Entered: 10/27/2010

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Earth Structures, Inc.,<br><br>Debtor(s). | C/A No. 09-03768-HB<br><br>Adv. Pro. No. 09-80118-HB<br><br>Chapter 11 |
| Bank Meridian,<br><br>Plaintiff(s),<br><br>v.<br><br>Ultra Holdings, LLC<br>Earth Structures, Inc.<br>Steven R. Wicker<br>Timothy Bailey<br>FIRST CITIZENS BANK<br>The United States of America by and through<br>its Agency the Department of the Treasury,<br>Internal Revenue Service,<br><br>Defendant(s). | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the court on Plaintiff, Bank Meridian's ("Bank") motion for summary judgment with regard to defenses and counterclaims raised in pleadings filed by Earth Structures, Inc. ("ESI") and Steven R. Wicker (together, "Defendants").

## BACKGROUND AND PROCEDURAL HISTORY

The parties involved in this Motion had a banking relationship including various loans from Plaintiff to Defendant(s). Mr. Wicker and Mr. Bailey both held an ownership interest in ESI and Ultra Holdings, LCC and are guarantors of loans issued by Bank to their companies. Bank extended several loans to Defendant(s), secured by properties owned by various Defendants and accounts receivable. In the June 2008 Mr. Wicker signed mortgages encumbering two parcels of real estate owned by Ultra Holdings for cross collateralization

with ESI's line of credit.  Also, in July 2008, the Bank and Defendant ESI entered into an Addendum to previous loan documents.  The Addendum permitted Bank to apply 75% of ESI's accounts receivable to certain obligations.  The other 25% of ESI's accounts receivable was available for ESI's operating expenses. The Addendum also granted Bank the authority to contact ESI's clients and to have their payments delivered directly to Bank and required ESI to provide Bank with weekly accounts receivable reports. Defendants allege that they were induced into entering into the cross collateralization and Addendum, and that Bank's conduct before and after these agreements were signed was improper and resulted in damages to the Defendants.

Defendants allegedly defaulted on the obligations to Bank and Bank initiated a lawsuit in state court for recovery.  That lawsuit was commenced on February 9, 2009, when the Bank filed its Lis Pendens, Summons and Complaint in the Spartanburg County Court of Common Pleas in the State of South Carolina.  Said action being identified as civil action number 2009-CP-42-0793 (the "Litigation").  By order of Reference filed on February 9, 2009, in the Office of the Clerk of Court for Spartanburg County, South Carolina, the Litigation was referred to the Honorable Gordon G. Cooper, Spartanburg County Master-in-Equity.  On or about May 12, 2009, ESI and Wicker filed and served their Answer and Counterclaim.[1]  On June 8, 2009, the Bank filed and served its Reply to Counterclaims of Defendants ESI and Steven Wicker.

The Debtor filed its chapter 11 bankruptcy petition on May 29, 2009, in Bankruptcy Case Number 09-03768-hb.  After receiving notice of the Debtor's bankruptcy filing, Judge

---

[1]    In their Answer and Counterclaim, ESI and Wicker asserted the following defenses and counterclaims: a.  defenses – fraud in the inducement, duress, appraisal statute, and over collateralization; b. counterclaims – negligent misrepresentation, constructive fraud, fraud and misrepresentation, breach of contract, breach of contract accompanied by fraudulent act, interference with contractual relationship, conversion, breach of fiduciary duty, and unfair trade practices.

Cooper signed an Order, filed on May 20, 2009, which stated that "the Defendant filed Bankruptcy; therefore, the above-named case is hereby Stricken from the Active Roster with leave to restore when the stay is lifted with the same docket number and no additional filing fee."

On or about May 29, 2009, the Bank filed a Motion to Alter or Amend Judgment. In its motion, the Plaintiff asked Judge Cooper to alter or amend its May 20, 2009 Order on the grounds that there were multiple defendants in the Litigation and the Debtor was the only party to the Litigation who had filed bankruptcy. Additionally, the Plaintiff argued that a number of the causes of action contained in the Complaint were not subject to the automatic stay triggered by the Debtor's bankruptcy.

By Order dated and filed on June 24, 2009, the state court granted the Bank's Motion to Alter or Amend Judgment. In doing so, the court determined that it was appropriate to allow the Bank to proceed with the following causes of action which Judge Cooper determined were not subject to the automatic stay triggered by the Debtor's bankruptcy:

   a. First Cause of Action (Breach of Note 1);

   b. Fourth Cause of Action (Breach of Note 3);

   c. Fifth Cause of Action (Foreclosure of Mortgage 2 Encumbering Real Property);

   d. Sixth Cause of Action (Breach of Guaranty 1);

   e. Seventh Cause of Action (Breach of Guaranty 2);

   f. Eighth Cause of Action (Breach of Guaranty 3);

   g. Ninth Cause of Action (Breach of Guaranty 4);

   h. Fourteenth Cause of Action (Breach of Guaranty 5); and

3

i.  Fifteenth Cause of Action (Breach of Guaranty 6).

(the "Restored Causes of Action").

On August 4, 2009, ESI, by and through its attorneys of record, filed a Notice of Removal in the United States Bankruptcy Court for the District of South Carolina, in Adversary Proceeding Number 09-80118-hb (the "Adversary Proceeding"), thereby removing the Litigation to the Bankruptcy Court.

On August 12, 2009, the Bank filed its Statement in Response to Notice of Removal. On September 1, 2009, the Bank filed its Notice of Motion and Bank Meridian, N.A.'s Motion for Remand or in the Alternative for Abstention ("Motion for Remand"), asking that the Litigation be remanded to the Spartanburg County Court of Common Pleas, or in the alternative that the Bankruptcy Court abstain from determining the Restored Causes of Action.

On October 6, 2009, Defendants Earth Structures, Inc. and Steven R. Wicker's Objection to Plaintiff Bank Meridian N.A.'s Notice of Motion and Motion for Abstention and Remand ("Objection to Remand") was filed in which said Defendants asked that the Court deny the Motion for Remand for the grounds set forth therein.

A hearing on the Motion for Remand and Objection to Remand was held before this Court on October 16, 2009, this Court entered the Order Granting Bank Meridian N.A.'s Motion for Remand ("Order for Remand").  The Order for Remand provided that the Bankruptcy Court thereby abstained from hearing the Restored Causes of Action and ordered that the same be remanded to Judge Cooper for a final determination on the merits of the same.  Furthermore, the Court retained jurisdiction over the remaining causes of action, being the following causes of action:

4

a.   Second Cause of Action (Breach of Note 2);

b.   Third Cause of Action (Foreclosure of Mortgage 1 Encumbering Real Property);

c.   Tenth Cause of Action (Breach of Note 4);

d.   Eleventh Cause of Action (Breach of Security Agreement 1 and Security Agreement 2 and Collection of Accounts);

e.   Twelfth Cause of Action (Foreclosure of Mortgage 3 Encumbering Real Property);

f.   Thirteenth Cause of Action (Foreclosure of Mortgage 4 Encumbering Real Property);

g.   Sixteenth Cause of Action (Collection of Rents);

h.   Seventeenth Cause of Action (Injunction – Accounts Receivables);

i.   Eighteenth Cause of Action (Injunction – Rents); and

j.   Nineteenth Cause of Action (Accounting).

(the "Removed Causes of Action")

Currently before this Court are the Removed Causes of Action and the Counterclaims of the Defendants, ESI and Wicker.  Plaintiff filed this Motion requesting summary judgment on certain defenses and counterclaims raised by Defendants in the Removed Causes of Action. In support of the Motion and responses thereto, the parties presented excerpts from depositions, affidavits, and loan documents to this Court for review.

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, summary judgment "should be rendered if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial." *McCoy v. Lewis*, 2010 WL 3169431, 3 (D.S.C. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Sain v. HSBC Mortg. Services, Inc.*, 2010 WL 2902741, 2 (D.S.C. 2010). The court must determine whether genuine issues of material fact exist for claims and affirmative defenses asserted by the parties. *See Spence v. Spence*, 368 S.C. 106, 123, 628 S.E.2d 869, 878 (2006) (". . . an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial.") (citations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

## DISCUSSION AND CONCLUSIONS

### 11 U.S.C. § 1141 *Res Judicata*

Defendants generally argue that Plaintiff's Motion is barred in part by the plan confirmed in the Chapter 11 case of ESI. Pursuant to 11 U.S.C. § 1141(a), all parties are bound by the terms of a confirmed plan of reorganization.

> Courts have consistently held that a bankruptcy court's order of confirmation is treated as a final judgment with *res judicata* effect. In analyzing the preclusive effect of a plan confirmation order, the Fourth Circuit Court of Appeals held that "parties may be precluded from raising claims or issues that they *could have or should have raised* before confirmation of a bankruptcy plan but failed to do so." *In re Varat*, 81 F.3d 1310, 1315 (1996).

*In re Twins, Inc.*, 318 B.R. 90, 96 (Bankr. S.C. 2004) (internal citations omitted).

However, this Court finds no merit in the Defendants' claim that the Bank is judicially estopped from claiming any additional amounts against ESI in this litigation as a result of the terms of the confirmed plan. The Fourth Circuit has applied § 1141(a) to prevent additional **claims** from being asserted after the plan has been confirmed. Section 1141(a) has not been utilized by the Fourth Circuit to prevent previously asserted claims and amounts from being determined. In addition, Defendant ESI's chapter 11 plan specifically references that the amount of the Bank's claim may be affected by this litigation. Therefore, the amount of the Bank's claim may be reduced, as well as increased, as a result of this litigation and Defendants' assertion of § 1141(a) in response to Plaintiff's Motion does not have any impact on this Court's decision.

## Appraisal Statute

In their pleadings Defendants argue that they are entitled to an appraisal of the property that is the subject of the foreclosure action. Defendants further assert that there are disputed issues of material fact because the Bank merely argues that this issue is not ripe because the foreclosure sale has not occurred, not that Defendants cannot prevail on this

defense as a matter of law. (Docket # 39 at 14).  Plaintiffs disagree and move for summary

judgment on this defense.

> Section 29-3-680(A) of the South Carolina Code of Laws states that:

> In any real estate foreclosure proceeding a defendant against whom a
> personal judgment is taken or asked, whether he has theretofore appeared in
> the action or not, may within thirty days after the sale of the mortgaged
> property apply by verified petition to the clerk of court in which the decree or
> order of sale was taken for an order of appraisal.

S.C. CODE ANN. § 29-3-680 (1976).  Because no foreclosure sale has occurred, the claim is

not ripe and can be raised later at the appropriate time. However, Bank is entitled to remove

this issue from the trial on the merits of this claim as a matter of law at this time, subject to

Defendants' right to raise the issue in the future should a foreclosure occur.

### Over Collateralization

Defendants assert as a defense the alleged fact that the Bank is over collateralized on

ESI's line of credit. That is, the value of the collateral securing the loan exceeds the amount

of the debt.  Regardless of the actual value of the collateral or any dispute on the facts,

Defendants have presented no legal authority to indicate that over collateralization is a bar to

Bank's claims or that such a fact presents an appropriate defense.  Therefore, Bank is

entitled to judgment as a matter of law to dispose of this defense.

### Interference with Contractual Relationship

Defendants allege that they have been damaged because the Bank interfered with the

contractual relationships with certain clients by contacting them directly for collection

purposes.  This, in turn prevented several customers from making payments to ESI pursuant

to their contracts and Defendants allege that they were damaged as a result.  Specifically,

Defendants claim that:

> ESI was informed by at least three (3) of its customers: Cherokee Enterprises,
> Moorhead Construction and Spooner Chance, that they had planned to pay
> ESI pursuant to their contracts with ESI, but, because they had received calls
> and/or letters from the Bank instructing them to pay the Bank directly, they
> were not going to make any payments

(Docket # 39 at 20).

"The elements of a cause of action for tortuous interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." *Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993). Summary judgment is granted in favor of the Bank with regard to Defendant Wicker's claim of interference with contractual relationship. Mr. Wicker has not directed the court to any portion of the record that would indicate the existence of valid contracts between Mr. Wicker in his individual capacity and the clients of ESI.[2] Therefore, he has no direct claim for tortuous interference with a contract on these facts as a matter of law.

However, when viewing the evidence in the light most favorable to Defendant ESI, material issues of fact exist as to this counterclaim and the Bank is not entitled to judgment as a matter of law. Contrary to the arguments made by Defendants, the Bank argues that ESI, not the Bank, contacted the customers directing them to make payments to the Bank. (Docket # 31 at 17). In addition, the Bank asserts that any attempts it made "to collect on accounts receivables were done with ESI's consent and in accordance with the loan documents." *Id.* Therefore, there is a disagreement in the record as to the facts surrounding this issue as between the Bank and ESI. The Bank is not entitled to summary judgment on this counterclaim of ESI.

### Breach of Fiduciary Duty

---

[2]     Wicker Depo. p. 113-14, ln. 11-9.

Bank moves for summary judgment on Defendants' counterclaim for breach of fiduciary duty asserting that there is no genuine issue of material fact as to whether Bank owed Defendants a fiduciary duty and whether Bank breached that duty.   In response Defendants assert that:

> The Bank created a fiduciary duty by creating a lock box and control account for all of ESI's accounts receivable, by undertaking to allegedly help ESI in collecting receivables, by contacting ESI's customers for payment on past due accounts . . .  and by creating the circumstance where ESI had to apply to the Bank to have its necessary and sufficient operating expenses met if the 25% of the accounts receivable were not sufficient.

(Docket # 39 at 21).

"A fiduciary relationship exists when one reposes special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing confidence." *O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631 (1992).   "As a general rule, a fiduciary relationship cannot be established by the unilateral action of one party.   The other party must have actually accepted or induced the confidence placed in him." *Regions Bank v. Schmauch*, 354 S.C. 648, 670, 582 S.E.2d 432, 444 (Ct. App. 2003) (citations omitted).

"Generally, a bank-depositor relationship establishes a creditor-debtor relationship rather than a fiduciary relationship." *Cowburn v. Leventis*, 366 S.C. 20, 42, 619 S.E.2d 437, 449 (Ct. App. 2005) (citations omitted); *see also Regions Bank*, 354 S.C. at 671, 582 S.E.2d at 444 ("South Carolina holds the normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature.") (citations omitted).

> In limited circumstances, however, a fiduciary relationship may be created between a bank and a customer if the bank undertakes to advise the customer as a part of the services the bank offers. Unless the funds are deposited into a special account or specifically designated to be kept separate, the relationship

10

between a general depositor and the bank is that of creditor and debtor, and a
trust is not created.

*Rush v. S.C. Natl. Bank*, 288 S.C. 560, 562, 343 S.E.2d 667, 668 (Ct. App. 1986). "The

facts and circumstances must indicate that the one reposing the trust has foundation for his

belief that the one giving advice or presenting arguments is acting not in his own behalf, but

in the interests of the other party." *Burwell v. S.C. Natl. Bank*, 288 S.C. 34, 41, 340 S.E.2d

786, 790 (1986). "Yet, no fiduciary relationship between a bank and its depositor exists

when the bank is unaware of any special trust reposed in it." *Vercon Const., Inc. v. Highland

Mortg. Co.*, 2005 WL 6158875, 5 (D.S.C. 2005) (citing *Steele v. Victory Sav. Bank*, 295 S.C.

290, 368 S.E.2d 91, 93 (Ct. App. 1988)).

In the instant case, although a special account existed, this Court finds no evidence

from the record highlighted by the parties indicating that Defendants placed a special trust in

the Bank.[3]  Any status any Defendant had as a depositor at the Bank during the period of

negotiation of the loan is insufficient to create a fiduciary relationship.  The relationship

created by the lock box and control account, combined with the other actions of the Bank

complained of are also insufficient to establish a fiduciary relationship as a matter of law.

There is no indication that Bank undertook to advise Defendants "as a part of the services

the bank offers." *Rush*, 288 S.C. at 562, 343 S.E.2d at 668.  If Defendants reposed a special

trust in the Bank, there is no evidence that the Bank was aware of it or agreed to accept such

trust.

At the time the June 2008 documents were signed, even viewing the evidence in the

light most favorable to Defendants, there is no evidence indicating that Defendants believed

---

[3]      Wicker's conclusory statement in his affidavit that "I believe there was a fiduciary duty existing
between Earth Structures, Inc., myself and Bank Meridian" is without sufficient factual support to create a
material issue of fact.

that the Bank was acting on Defendants' behalf instead of on behalf of itself. *See Burwell*, 288 S.C. at 41, 340 S.E.2d at 790.  Therefore, the record does not include facts from which the court can conclude that a fiduciary relationship existed and summary judgment is granted in favor of the Bank on this counterclaim.

### Remainder of Plaintiff's Motion for Summary Judgment

Bank further argues that it is entitled to summary judgment with regard to Defendants' asserted defenses of fraud in inducement and duress.  However, after a review of the pleadings and the record this Court finds that genuine issues of material fact exist relating to the resolution of these defenses.  Therefore, summary judgment is denied with regard to these claims.

Bank also argues that it is entitled to summary judgment under Defendants' counterclaims of negligent misrepresentation, fraud and misrepresentation, constructive fraud, breach of contract, breach of contract accompanied by fraudulent act, conversion, and unfair trade practices.  However, after a review of the pleadings and the record this Court finds that genuine issues of material fact exist that must be resolved before the Court can render a decision regarding these counterclaims.  Therefore, summary judgment is denied with regard to these claims.


**IT IS THEREFORE ORDERED,**

1. That the Motion for summary judgment is hereby granted as to the appraisal statute defense;

2. That the Motion for summary judgment is hereby granted as to the over collateralization defense;

3. That the Motion for summary judgment is hereby granted as to the interference with contractual relationship claim with regard to Defendant Wicker;

4. That the Motion for summary judgment is hereby denied as to the interference with contractual relationship claim with regard to Defendant ESI;

5. That the Motion for summary judgment is hereby granted as to the breach of fiduciary duty claim;

6. That all other relief is denied.