## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **09-03768-hb**
Adversary Proceeding Number: **09-80118-hb**

**ORDER**

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/25/2011**



Entered: 10/25/2011

US Bankruptcy Judge
District of South Carolina

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Earth Structures, Inc.,<br><br>Debtor(s). | C/A No. 09-03768-HB<br><br>Adv. Pro. No. 09-80118-HB<br><br>Chapter 11 |
| Bank Meridian,<br><br>Plaintiff(s),<br><br>v.<br><br>Ultra Holdings, LLC<br>Earth Structures, Inc.<br>Steven R. Wicker<br>Timothy Bailey<br>FIRST CITIZENS BANK<br>The United States of America by and through its Agency the Department of the Treasury, Internal Revenue Service,<br><br>Defendant(s). | **ORDER** |

The above-captioned adversary proceeding was scheduled for trial on October 24-26, 2011. The remaining parties as of that date were Bank Meridian, Ultra Holdings, LLC, Earth Structures, Inc., Stephen R. Wicker and Timothy Bailey. Kenneth C. Anthony, Jr., made an appearance on behalf of Ultra Holdings, LLC and Timothy Bailey, and reported that those parties do not plan to participate in the trial of this matter.[1] Stephen R. Wicker appeared, representing himself, along with William H. Edwards for Earth Structures. Although originally Defendants in this proceeding, which was removed by debtor Earth Structures to this Court, those two parties have filed a counterclaim against Bank Meridian and others. Bank Meridian was represented by Shane W. Rogers, Kristin Burnett Barber,

---

[1] Bailey is the debtor in a Chapter 7 bankruptcy proceeding, C/A No. 10-03470-hb.

Suzanne Graham Grigg and Kirsten E. Small. Some or all of those attorneys also appeared on behalf of SCBT, N.A.

The remaining parties filed a Joint Pretrial Order on May 23, 2011. After consensual continuances, a trial of the matter was previously scheduled for August 29-31, 2011. However, Plaintiff/Counter-Defendant Bank Meridian was closed by the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver of Bank Meridian on July 29, 2011. Bank Meridian's counsel promptly reported Bank Meridian's status to the Court and parties in interest, as is evidenced by the *Motion for Stay and Notice of Appointment of Receiver* filed in this matter on August 8, 2011.[2] The Court scheduled a hearing on that Motion for August 17, 2011, and as a result, the trial was postponed until ownership of the loan relevant to this matter and the role of Plaintiff could be determined. The Court entered an order scheduling a further hearing for September 7, 2011, and requiring an appearance by a party "who has authority to make decisions on behalf of the Bank, or it successor in interest . . ."[3] The Order further notified the parties that the week of October 24, 2011 was being held by the Court for trial of this case.

At the September 7, 2011, hearing, a representative of SCBT appeared and advised the Court that SCBT would likely be the successor, the October 24th trial date was confirmed, and a hearing on Bank Meridian's pending *Motion in Limine* was scheduled for October 6, 2011. At that hearing, the Motion was granted in part, by the *Order Resolving*

---

[2] Doc. No. 72. In this Motion, there was no request for a stay by the receiver as allowed by 12 U.S.C. § 1821(d)(12), rather the motion informed the Court and parties of the appointment of the receiver and advised that a receiver could request a stay. As a result, the Court temporarily suspended proceedings until such time as a successor in interest to Bank Meridian made an appearance.
[3] Doc. No. 76.

2

*Motion in Limine*.[4]  In that Order, the Court granted Bank Meridian's request to limit testimony and argument in the adversary to exclude certain matters not plead by Earth Structures and Wicker, arguing that Bank Meridian would be prejudiced by the failure to plead or any amendment to the pleadings at that late date.

Counsel for Bank Meridian filed a *Motion to Continue Trial*[5] on October 14, 2011, and a *Motion to Substitute Plaintiff*[6] and *Motion for Leave to File a Supplemental Reply to the Counterclaims of Defendants Earth Structures, Inc. and Steven R. Wicker*[7] on October 20, 2011.  The Motion to Substitute asks to substitute SCBT as Plaintiff in this adversary proceeding based on the assignment of assets to SCBT.  Earth Structures and Wicker objected to this substitution, and instead requested that if SCBT is to be included, that party should be ***added*** to the case along with Bank Meridian as a successor in interest, allowing Wicker and Earth Structures to proceed at trial against Bank Meridian as well as SCBT.  The Motions ask that, once included in the lawsuit, SCBT be allowed to amend the pleadings to assert certain special defenses available to it as a result of Bank Meridian's demise and SCBT's acquisition of assets.  The undisputed proffer of evidence indicates that the assignment of assets by the FDIC to SCBT was executed on August 22, 2011.  However, SCBT could not confirm that this assignment was authorized by the FDIC until a durable power of attorney was executed, which occurred on October 19, 2011.  Plaintiffs stated that they did not become aware of the execution until the next day.  Upon learning that the durable power of attorney was executed and the assignment was final, Plaintiffs recorded the assignment on October 21, 2011.  At prior hearings in this case held since the July 29, 2011,

---

[4] Doc. No. 87.
[5] Doc. No. 86.
[6] Doc. No. 91.
[7] Doc. No. 92.

3

counsel had discussed appointment of the receiver for Bank Meridian and the fact that any successor to the interest of Bank Meridian may move at the appropriate time to insert the successor into this action and to assert certain new defenses.

On October 24, 2011, the Court heard the parties' arguments in favor of the various Motions and in opposition before the trial began. Thereafter, the Court was left with two preliminary questions to address before the matter could move to trial: (1) can this action proceed in any way against Bank Meridian in this Court as Wicker and Earth Structures request; and (2) is the request to include SCBT as a party and to amend pleadings to assert defenses on the eve of trial timely? The Court therefore briefly recessed the hearings to research these issues.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides an administrative claims process for claims against the assets of failed banks held by the FDIC as receiver. 12 U.S.C. § 1821(d)(3)-(13). In *Brady Dev. Co. v. Resolution Trust Corp.*, 14 F.3d 998 (4th Cir. 1994), the Fourth Circuit held that litigants who have an action pending in a court against a financial institution that is subsequently placed under receivership of the FDIC must exhaust the FIRREA's administrative claims process in order to continue their action in court. *Id.* at 1006; *see also 1500 Range Way Partners, LLC v. JPMorgan Chase Bank, N.A.*, __ F.Supp.2d __, 2011 WL 2670835, at *5 (D.S.C. July 8, 2011) ("[I]t is mandatory that 'anyone bringing a claim against or seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as receiver must first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process.'" (quoting *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1399 (D.C. Cir. 1995)). Other circuits have differed with this position or found exceptions

4

to this rule.[8]  However, a review of those exceptions did not sway the Court from concluding that, in this Circuit, Wicker and Earth Structures cannot proceed against Bank Meridian in this or any other court until they have exhausted their administrative remedies.  Therefore, while the Court will not remove Bank Meridian as a named party in this suit, all proceedings against that party are suspended indefinitely.  Accordingly, Plaintiff's Motion to Substitute is granted in part.  SCBT is permitted to join the adversary proceeding as successor in interest to Bank Meridian, but Bank Meridian will also remain pursuant to the opposing parties' request.  Applicable law precludes Wicker and Earth Structures, however, from asserting their counterclaims against Bank Meridian in this proceeding at this time.

In Plaintiff's *Motion to for Leave to File a Supplemental Reply*, counsel for Bank Meridian asks that SCBT, once included in the suit, be allowed to assert defenses under the FDIC's special powers, *see* 12 U.S.C. § 1823(e), and the *D'Oench Duhme* doctrine, *see D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676 (1942), by amending the pleadings previously filed by Bank Meridian, with leave of Court.  The Court finds that, although the Motion asking to assert these defenses was filed on the eve of trial, counsel has been forthright and timely in notifying the Court and litigants that this action was contemplated once SCBT obtained the proper authority.  In addition, it is not disputed that the authority arrived at the time the last minute Motions were filed.  Therefore, although inconvenient to the Court and opposing counsel, the Motions are timely.

---

[8] *See e.g., Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (stating that "the requirement to exhaust administrative remedies applies only in an action against the FDIC as receiver."  This requirement was inapplicable because "[a]t the time of the state court litigation, the FDIC had no interest in the note because it had already assigned the note."); *In re Lewis*, 398 F.3d 735, 742 (6th Cir. 2005) (stating that the statute allows for exceptions, including the judicial review of a disallowed (or undecided) administratively filed claim); *F.D.I.C. v. Kane*, 148 F.3d 36, 38 (1st Cir. 1998) (stating that in certain circumstances, claims submitted after the bar date are not subject to the jurisdictional bar for failure to exhaust the administrative remedies).

5

Further, the FDIC[9] is given great latitude as to when it may assert such defenses. In *FDIC v. Hadid*, 947 F.2d 1153 (4th Cir. 1991), the Fourth Circuit allowed the FDIC to raise such defenses for the first time on appeal when the FDIC took over the bank after litigation and judgment while the time for leave to appeal was pending. *Id.* at 1157. In addition, in *Lemaire v. F.D.I.C.*, 20 F.3d 654 (5th Cir. 1994), the Fifth Circuit held that the FDIC could assert the *D'Oench Duhme* doctrine defense for the first time on appeal to defend against an attack on a judgment in favor of the failed bank, where the FDIC had no opportunity in the trial court to present a defense against the attempt to enforce an oral agreement. *Id.* at 656-57. It appears from these examples that the defenses in question are available to SCBT during the trial of this matter whether included in the pleadings or not. Therefore, to the extent the Court's approval is necessary, the Court must find that Plaintiff's Motion is granted and SCBT is allowed to amend/supplement the pleadings previously filed by Bank Meridian to assert defenses allegedly applicable to the counterclaims of Wicker and Earth Structures.

The answers to the two preliminary questions identified before trial obviously indicate a need to postpone the trial to allow Wicker and Earth Structures the opportunity to respond and prepare. Further, in the interest of fairness, Wicker and Earth Structures will be allowed to amend their pleadings as well to assert any defenses discussed in the Court's *Order Resolving Motion in Limine*[10] relating to unclean hands and/or estoppel. That Order granted Bank Meridian's Motion to preclude opposing parties from presenting certain defenses because they were not included in the initial pleadings and were, thus untimely and

---

[9] This includes successors to the FDIC as well. *See Adair v. Lease Partners, Inc.*, 587 F.3d 238, 243 (5th Cir. 2009) (stating that the *D'Oench Duhme* doctrine "is designed to 'protect the FDIC and its assignees from unrecorded side agreements not reflected in the bank's records.'" (quoting *Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 697 (5th Cir. 1991)).

[10] Doc. No. 87.

6

prejudicial to Bank Meridian. In light of this further delay, the reasons for granting that Motion no longer exist.

**IT IS THEREFORE ORDERED:**

1. That the *Motion to Substitute Plaintiff* is granted in part as set forth above. The caption of this matter shall be amended to add ***"SCBT, N.A., as successor in interest to Bank Meridian"***, adding SCBT, N.A. as an additional Plaintiff;

2. That the *Motion for Leave to File a Supplemental Reply* is granted and all parties are entitled to amend their pleadings as indicated herein within fifteen (15) days of entry of this Order;

3. That the Court's prior *Order Resolving Motion in Limine* is hereby vacated;

4. That the *Motion to Continue the Trial* is hereby granted and the trial will be rescheduled at a date and time to be selected; and

**5.** That a status conference is hereby scheduled for **Monday, November 14, 2011**, **at 1:00 p.m.**

7